UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Priscilla Thomas,**

    **Plaintiff,**

**-V-**                                                   **Case No. 2:04-cv-0944**
                                                      **JUDGE SMITH**
                                                      **Magistrate Judge Abel**

**Ohio Civil Rights Commission,**
**et al.,**

    **Defendants.**

## ORDER

Plaintiff filed this action on September 30, 2004, asserting claims against the Ohio Civil Rights Commission ("OCRC"), the Nationwide Mutual Insurance Company ("Nationwide") and several individuals. Plaintiff maintains, *inter alia,* that Nationwide and the named individual defendants discriminated against her in her employment because of her sex, race and disability. She contends that the OCRC improperly handled her charge. In essence, plaintiff alleges that OCRC personnel failed to properly inform her of her rights and deadlines. The OCRC moves to dismiss (Doc. 12).

In her complaint, plaintiff admits that on April 10, 2002 she

was first informed by Nationwide that she was not going to receive a pay raise.  Plaintiff did not contact the OCRC until 198 days later.   Plaintiff filed her dual charge with the OCRC and Equal Employment Opportunity Commission ("EEOC") 227 days after the alleged discriminatory conduct, on November 22, 2002.  On December 11, 2003, the issued a letter OCRC dismissed the charge as untimely.  Nonetheless, because plaintiff dual filed, the matter was transferred to the EEOC.  The EEOC issued plaintiff a right to sue letter on June 23, 2004.

As the OCRC points out, plaintiff's claims against the OCRC would have been untimely regardless of any action by the OCRC for the simple reason that plaintiff did not contact the OCRC until October 25, 2002, 198 days after the alleged discriminatory action.  Furthermore, since the charge was dual filed, the matter was ultimately addressed by the EEOC.  It therefore appears that plaintiff did not suffer any damage as a result of any action by the OCRC.  There is simply no authority for the proposition that any of the alleged shortcomings plaintiff attributes to the OCRC are actionable by way of a lawsuit in federal court.

For the above reasons, the Court **GRANTS** the OCRC's motion to dismiss and **DISMISSES** plaintiff's claims against the

OCRC for failure to state a claim upon which relief can be granted.

The Clerk shall remove Doc. 12 from the Court's pending CJRA motions list.

**IT IS SO ORDERED.**

    /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**